**UNITED STATES, Appellee**

v.

**Tony G. SMITH, Private First Class**
**U.S. Marine Corps, Appellant.**

No. 94–1158.

CMR No. 93–0632.

U.S. Court of Appeals for
the Armed Forces.

Submitted Aug. 26, 1994.

Decided Feb. 8, 1996.

For Appellant: *Commander Philip D. Cave*, JAGC, USN, *Major R.K. Stutzel,*

USMC, *Lieutenant Brian C. Lansing,* JAGC, USNR.

For Appellee: *Colonel J. Composto,* USMC, *Commander S.A. Stallings*, JAGC, USN, *Captain A. Diaz,* USMC.

PER CURIAM:

Appellant has petitioned this Court for a grant of review contending in Issue II that the Court of Military Review \* erred in holding that the military judge did not abuse his discretion in denying a challenge for cause against one of the members of his special court-martial. Specifically, appellant argues that conversations between the member and trial counsel amounted to an *ex parte* communication, creating a presumption of prejudice which was not rebutted, thus requiring that the member be excused from further participation.

The petition for grant of review is granted as to Issue II raised by appellate defense counsel.

During individual *voir dire*, the member, Chief Warrant Officer (CWO) Cottrell, was asked if he had engaged in discussions with trial counsel concerning military justice. He responded that, during the morning of the trial, he had talked with trial counsel, Captain Miller, concerning a sentence imposed in an earlier case where both were involved. CWO Cottrell stated that trial counsel had said that both he and the defense counsel found member sentences more interesting and creative punishments than those adjudged by military judges. However, CWO Cottrell made it clear that Captain Miller did not try to influence him and that they did not discuss the case about to be tried that day.

In other questions defense counsel established that Captain Miller had told the member that since he (Miller) had repeatedly heard the instructions of the military judge, he often did not pay attention when the

\* See 41 MJ 213, 229 n. \* (1994).

judge was speaking only to the members. In response to a question by trial counsel on this subject, CWO Cottrell agreed that Captain Miller was really asking him whether the members were overwhelmed by the amount of information contained in the instructions.

Defense counsel challenged CWO Cottrell, arguing

> that it is improper for trial counsel to establish a rapport with a member only 20 minutes before a trial, and, therefore, I think that his impartiality may have been affected; I at least think that there's an appearance of it.

Trial counsel responded that his duties included assembly of the court members, and "they're fellow Marine Corps officers, and we were talking generally about a lot of things." He also indicated that he had several prior courts-martial where CWO Cottrell had been a member and that this was "a great general conversation with him ... more of familiarity than anything. We recognized each other as fellow officers...." Finally, he asserted that this was not an attempt to establish rapport; rather the discussion was just a matter of "common courtesy."

In denying the challenge for cause the military judge observed:

> I do note that Chief Warrant Officer Cottrell is one of the regular members here; has had exposure to both counsel and to myself. I don't think that the conversation that was related here in court would have any kind of effect on rapport or not, and I think that defense was able to establish substantial rapport of his own during his *voir dire* here, so I don't think that's a factor that's going to render the fairness of the proceedings suspect. And this kind of small talk does go on. It didn't have anything to do with this case. Had it had anything to do with this case, then I think we might have a different matter.

We are concerned whenever counsel, military judges, or members engage in *ex parte* discussions. We understand that military service is such that a camaraderie exists whereby counsel and members are often social acquaintances or even friends. However, even casual conversations between trial participants and/or members may give rise to situations which create the appearance of impropriety and must be examined for possible prejudice. *See United States v. Elmore,* 33 MJ 387, 392–94 (CMA 1991), *cert. denied,* 504 U.S. 909, 112 S.Ct. 1938, 118 L.Ed.2d 544 (1992) and cases cited therein. Thus we urge all trial personnel to be circumspect in their interpersonal dealings.

In this case the responses by the member during *voir dire* resolved the issue at trial. We agree with the military judge that there was no reason to believe that the fairness of the proceedings was affected.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

SULLIVAN, Judge (dissenting):

Issue I raised by appellate defense counsel asks:

## I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW PROPERLY EXERCISED ITS FACTFINDING POWERS UNDER ARTICLE 66(c), UNIFORM CODE OF MILITARY JUSTICE, 10 USC § 866(c), IN RESOLVING APPELLANT's POST-TRIAL CLAIM OF PREJUDICE ARISING FROM AN INFLAMMATORY ALTERCATION WHICH OCCURRED OUTSIDE THE COURTROOM DURING A RECESS OF APPELLANT'S COURT-MARTIAL.

The Court of Military Review rejected that issue, specifically noting:

> As to the first assignment of error, we have considered the question initially raised in trial defense counsel's clemency petition on behalf of appellant that the court members may have been present to observe an argument during a recess between the defense counsel and military judge on the one side, and police (Naval Investigative Service agent and county deputy sheriff) on the other. Apparently the police were attempting to question ap-

pellant about a different offense than the ones at trial; as it turned out they were looking for someone other than appellant. As also noted within the petition, trial defense counsel failed to place the event on the record because he did not think any court member had witnessed the event; however, counsel was informed later by a prosecutor who had been present that "one or more members" did see the argument. *No affidavit from the prosecutor has been offered by appellant.*

We infer that the military judge, like the trial defense counsel, was unaware that any member might have witnessed the event. Absent trial defense counsel, or anyone else calling the problem to his attention, we can hardly hold the military judge responsible for declaring a mistrial, as appellant now asserts he should have done. *In fact, the affidavits obtained by the government indicate that the members were not exposed to the argument that took place outside the courtroom. Under this set of facts, no further relief is required.*

Unpub. op. at 2–3 (emphasis added).

I vote to grant Issue I raised in this case. Contrary to the representation of the Court of Military Review, Captain Harward, a prosecutor assigned to the legal office, did submit an affidavit and it states in pertinent part:

> While I do not recall the specific members by name who were present to witness this exchange, I do specifically recall that several members did in fact witness the confrontation. The small size of this building, coupled with the loud exchange between the deputy defense counsel and the military judge would naturally have been heard by everyone inside.

This affidavit is mentioned several times in each of the briefs filed below. Reconsideration by the now Court of Criminal Appeals of its decision is thus appropriate.